**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
CARMELLA M. RESTIVO GUARDADO,

                        Plaintiff,

              - against -

PRECISION FINANCIAL, INC.,
and TABITHA MAZZARA (in her
official capacity an individual capacity)

                       Defendants.
-----------------------------------------------------------X

**REPORT & RECOMMENDATION**

CV 04-3309 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

This matter has been referred to me by District Judge Seybert for a Report and Recommendation on whether Plaintiff's renewed motion for attorney's fees and taxation of costs should be granted and to determine the appropriate amount of any costs and/or fees to be awarded based upon such determination. This renewed motion arises out of a jury verdict in favor of Plaintiff Carmella Restivo Guardado ("Plaintiff") with respect to unpaid wage claims under New York State Labor Law §§ 190, *et seq*. As a result of that same verdict, Plaintiff's religious discrimination claims brought pursuant to 42 U.S.C. § 2000e and the New York State Executive Law §§ 290, *et seq*. (hereafter, the "New York State Human Rights Law" or "NYHRL") were dismissed.

Plaintiff moves (1) pursuant to Fed. R. Civ. P. 54(d)(2) for an Order granting reasonable attorney's fees under the provisions of New York State Labor Law § 198(1-a), and (2) pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1 of the Local Rules of the United States District

Court for the Eastern and Southern Districts of New York for an Order directing the Clerk of the Court to tax costs and to grant Plaintiff a reasonable sum, not exceeding fifty (50) dollars for expenses which may be taxed as costs [DE 72].

After having thoroughly reviewed Plaintiff's application [DE 72, 74] and the submission by Defendants in opposition [DE 73], and for the reasons that follow, I respectfully recommend Judge Seybert that (1) Plaintiff's motion for attorney's fees pursuant to New York Labor Law § 1981(1-a) be GRANTED and Plaintiff be awarded attorney's fees to the extent set forth below, and (2) Plaintiff's application to tax costs be GRANTED and Plaintiff be awarded costs in the amount of $2,157.39.

## II.    BACKGROUND

On or about July 27, 2004, Plaintiff, proceeding *pro se*, commenced the instant action and filed suit against Defendants Precision Financial, Inc. (hereinafter referred to as "Precision") alleging discrimination and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sections 2000e, *et seq.* (hereinafter referred to as "Title VII"), based on Plaintiff's religious beliefs.  Precision filed its Answer on October 21, 2004.  Approximately one year after commencing this action, Plaintiff retained counsel and, pursuant to a Stipulation filed by the parties and endorsed by the Court, filed a First Amended Complaint.  The amended pleading added Individual Defendant Tabitha Mazzara and alleged (1) religious discrimination in violation of Title VII; (2) discrimination under the NYHRL; (3) violation of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); (4) violation of New York State Labor Law §§ 190, *et seq.*; and (5) common law battery.

On July 17, 2006, the parties commenced trial before the Honorable Joanna Seybert on the issues of Defendants' alleged violations of Title VII and the NYHRL, alleged unpaid earned commissions in violation of the New York Labor Law,[1] and common law battery. The trial lasted four days. At its conclusion, the jury rendered a verdict (1) in favor of Plaintiff solely on the New York State Labor Law claim, finding that Plaintiff had prevailed on her claim for willful failure to pay earned commission wages, and (2) in favor of Defendants on the remaining claims. Judgment was entered by the Clerk of the Court on July 24, 2006 ordering that Plaintiff recover from the Defendants the sum of $7,446.90.

On March 19, 2007, I recommended to District Judge Seybert that Plaintiff's motions for attorney's fees and costs, pursuant to New York Labor Law § 198(1-a) be denied, without prejudice to Plaintiff's right to renew her motion upon submission of further information to the Court [DE 68].[2] Judge Seybert adopted the Report and Recommendation and Plaintiff filed this renewed application for attorney's fees and costs under the New York Labor Law.

### III. ATTORNEY'S FEES

New York Labor Law § 198, the specific statutory provision regarding the awarding of attorney's fees based on the claims asserted in this particular litigation, provides that "[i]n any action instituted upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee reasonable attorney's fees. . . ." N.Y. Lab. Law § 198(1-a); *see also*

---

[1] Plaintiff withdrew her FLSA claim prior to the commencement of trial [DE 44].

[2] I also recommended to District Judge Seybert that Defendants' motion for attorney's fees pursuant to § 706(k) of Title VII of the Civil Rights Act of 1964 be denied [DE 68]. Judge Seybert adopted the Report and Recommendation, and Defendants were not given leave to renew their application on this latter issue [DE 71].

3

*Cho v. Koam Med. Services P.C.*, 524 F. Supp. 2d 202, 205-06 (E.D.N.Y. 2007).

The approach most recently espoused[3] by the Second Circuit to determine appropriate attorneys' fees in federal litigation uses as a standard a "presumptively reasonable fee." *Arbor Hill Concerned Citizens v. County of Albany*, 493 F.3d 110, 117 (2d Cir. 2007), *amending* 484 F.2d 162 (2d Cir. 2007).[4] This number should represent "what a reasonable, paying client would be willing to pay" for legal services rendered, and a court should consider the following factors in its calculation:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether the attorney had an interest (independent of that of his client) in achieving the ends of the litigation or initiated the representation himself, whether the attorney was initially acting *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) the attorney expected from the representation.

*Id.* at 112.

The "presumptively reasonable fee" is comprised of a "reasonable hourly rate multiplied by a reasonable number of expended hours." *Finkel v. Omega Commc'n Services, Inc.*, No. 06-CV-3597, 2008 WL 552852, at *6 (E.D.N.Y. Jan. 23, 2008) (citing *Arbor Hill*, 493 F.3d at 117-18). "The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness

---

[3] The Second Circuit's decision in *Arbor Hill Concerned Citizens v. County of Albany*, 493 F.3d 110, 117 (2d Cir. 2007), *amending* 484 F.2d 162 (2d Cir. 2007) was rendered after this motion for attorney's fees was fully briefed and filed.

[4] The Second Circuit has recommended abandoning the term "lodestar" as its meaning has "shifted over time, and its value as a metaphor has deteriorated to the point of unhelpfulness." *Id*.

and necessity of hours spent and rates charged." *Id.* (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)).

    A.    **Reasonable Hourly Rates**

To determine reasonable hourly rates, the Court must refer to "the prevailing [market rates] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). The Court must consider the factors enumerated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)[5] and must remain mindful that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 493 F.3d 117-18.

"Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." *Cho*, 524 F. Supp. 2d at 207 (awarding fees in FLSA and New York Labor Law case based on $250 hourly rate for partner, $150 hourly rate for associate, and $75 hourly rate for legal assistant) (collecting cases, including *Corbett v. Reliance Moving & Storage, Inc.*, No. 1:00-cv-07656 (E.D.N.Y. May 30, 2007) (unpublished) (awarding an hourly rate of $250 per partner, $200 per senior associate, $150 per junior

---

    [5]    The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitation imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Johnson*, 488 F.2d at 717-19.

associate, and $70 per legal assistant for work performed in a straightforward ERISA matter)).

       1.     **<u>Scott Michael Mishkin</u>**

With respect to Attorney Mishkin, the sole owner of the law firm representing Plaintiff, Plaintiff requests an hourly rate of $375. *See* Att'y Decl. in Supp. of Mot. For Attorneys' Fees (hereinafter "Mishkin Decl.") ¶¶ 1, 5. At the time of trial in July 2006, Attorney Mishkin had been practicing law for 13 years and considers himself "experienced in the area of civil rights and labor law rights litigation," having "participated in approximately 300 labor law cases" throughout his career, including having "successfully argued Appeals before the Federal 2nd Circuit." *Id.* ¶¶ 7, 8. Attorney Mishkin submits that his "customary and usual hourly rates for complex litigation involving employment matters, such as Title VII discrimination, wage claims and other related issues, is the $375. . . ." *Id.* ¶ 9.

As support for his hourly rate, Attorney Mishkin has also submitted the declaration of William J. Graham, Esq., a solo practitioner who has practiced in this district in the area of federal civil rights litigation for 13 years. *See* Att'y Decl. Comparable Att'y Rates (hereinafter "Graham Decl.") ¶ 1. Attorney Graham states that his "customary and usual hourly rates for complex litigation involving employment matters, such as ERISA, Title VII discrimination, wage claims and other related employment issues range from $225.00 to $350.00 . . . ." *Id.* ¶ 2. He also states that he understands "that based on my similar skill and experience practicing in this locality, that my hourly rates are reasonable when compared with the rates charged by attorneys of similar skill and experience practicing in the Eastern District of New York as counsel for defendant's [sic] in this matter charged $400.00 an hour." *Id.* ¶ 3.

Defendants do not appear to contest the hourly rate charged by Attorney Mishkin. It should be noted that Attorney Mishkin is seeking limited fees for the small number of hours, namely, 5.5 hours he attributes to this matter. The Court finds that based upon the evidence submitted by Plaintiff and upon a review of the *Arbor Hill* and *Johnson* factors, Attorney Mishkin's hourly rate of $375 is high. Although Attorney Mishkin declares that $375 is his "customary and usual hourly rate[]" for matters such as this, Plaintiff has submitted no proof that Attorney Mishkin was "able to bill any other client for the kind of litigation services rendered on behalf of plaintiffs at the claimed rates." *See Cho*, 524 F. Supp.2d at 208. In addition, the declaration submitted by Attorney Graham does not support Plaintiff's claim that Attorney Mishkin should be compensated at $375 per hour – Attorney Graham submits that his highest customarily charged fee for this type of case is $350.

Additionally, Plaintiff has "failed to address the relative difficulty and complexity of litigating the issues of this case," *id.*, aside from counsel's assertion that "each client . . . is novel, and presents with their own allegations and employment history . . . ." Reply Decl. to Defs.' Opp. for Atty's Fees (hereinafter "Reply Decl.") ¶ 9. This type of conclusory assessment is insufficient. The Court, "left to make such determinations based on its own experience with this case and with counsel," finds that Plaintiff's New York Labor Law claims for nonpayment of earned commission wages were relatively straightforward and did not involve novel or complex theories or argument.

Based on the evidence submitted regarding the prevailing market rates and due to the straightforward nature of Plaintiff's New York Labor Law claims, the Court finds that an hourly rate of $375 for Attorney Mishkin is not warranted in this case. Accordingly, the Court will

adjust Attorney Mishkin's hourly rate for this matter to $325 per hour. Such adjustment brings Attorney Mishkin's hourly rate more in line with the prevailing market rate within this district. *See Finkel*, 2008 WL 552852 at *6 (awarding partner $225 per hour in ERISA/LMRA action); *Coated Fabrics Co. v. Mirle Corp.*, No. 06 CV 5415, 2008 WL 163598, at *7 (E.D.N.Y. Jan. 16, 2008) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $375 for partners. . . ."); *Cho*, 524 F. Supp. 2d at 208 (awarding partner $250 per hour in straightforward wage litigation); *Merrill Lynch Bus. Fin. Services Inc. v. Brook-Island Med. Associates, P.C.*, No. 06 CV 5912, 2007 WL 2667454, at *6 (E.D.N.Y. Aug. 16, 2007) (awarding solo practitioner with 22 years experience $250 per hour).[6]

### 2. Justin Scott Adkins

With respect to Attorney Adkins, who served as the "lead associate" for this matter, Plaintiff requests an hourly rate of $185 for the period that Attorney Adkins served as a legal intern and $275 per hour for the period following Attorney Adkins' admission to the bar and elevation to the position of associate. Mishkin Dec. ¶ 1, 12. Attorney Adkins began working at Scott Michael Mishkin P.C. in 2005 as a legal intern "while awaiting his New York State Bar Exam results." *Id.* ¶ 13. As of February 23, 2006, Attorney Adkins was promoted to the level of

---

[6] The Southern District of New York's decision in *Davis v. New York City Housing Authority*, No. 90 Civ. 628, 2002 WL 31748586 (S.D.N.Y. Dec. 6, 2002), cited by Plaintiff (Pl. Mem. of Law in Supp. of Mot. For Reasonable Atty's Fees (hereinafter "Pl. Mem.") at 5-6) does not require a different result. There, two partners were awarded attorney's fees computed with hourly rates of $375 and $275, respectively. That case had drastically different factual circumstances than those present here. There, a six-year long class action generated six opinions by the district court, three opinions by the Second Circuit, eighteen expert affidavits, and an order of the United States Supreme Court denying a petition for certiorari. *Id.* at *1. In addition, the "relevant community" in *Davis* was the Southern District of New York. *Id.* at *2.

associate.[7] Attorney Adkins was a junior associate with relatively little litigation experience and no trial experience at all. Some five months after being admitted to the New York State Bar, Attorney Adkins undertook the trial of the instant case as his first trial of any kind. *See* Mishkin Decl. ¶ 14; Reply Decl. ¶ 3.

Although Plaintiff contends that $185 per hour and $275 per hour are the "prevailing" rates for legal interns and associates, respectively, "in these complex cases here in the Eastern District of New York," *see* Mishkin Decl. ¶¶ 21, 29, Plaintiff has supplied no evidence that these rates were actually charged to, or paid by, other clients for similar cases. In addition, and as Defendants note, "[a]lthough Mr. Adkins did a fine job in representing his client, he had no trial experience, he was too new to have a reputation and his ability was not such that would merit the exorbitant attorney's fees that Mr. Mishkin is claiming his firm is entitled to." Atty's Decl. in Opp'n to Application by Pl.'s Counsel for Attorneys Fees (hereinafter "Freeman Decl.") ¶ 9(h).

Given the lack of complexity of this case (supported by the fact that a first year associate was lead counsel at trial), as well as Attorney Adkins' junior status and Plaintiff's failure to submit any evidence that its claimed hourly rates with respect to Attorney Adkins were charged to or paid for by other clients, or any evidence that these rates are in line with other legal interns and/or associates in the relevant market, the Court finds that $185 per hour for Attorney Adkins'

---

[7] Although Plaintiff does not specify exactly when Attorney Adkins was promoted to the level of "associate," the billing records show that February 23, 2006 was the first day that Attorney Adkins billed Plaintiff at a rate of $275 per hour, as opposed to $185 per hour. Although the billing records show that on February 17, 2006 Attorney Adkins recorded two one-hundredths of an hour for "Telephone call to Tankoos cancelling court reporter for Mazzara's EBT" at a rate of $375 per hour, the Court assumes that this was merely a typo. In any event, because this is a clerical task that is more appropriately considered "part of overhead and not generally charged to clients," *Sulkowska v. City of New York*, 170 F. Supp. 2d 359, 368 (S.D.N.Y. 2001), this line item will be discounted by the Court.

period as a legal intern and $275 per hour for Attorney Adkins' period as an associate are inappropriately high. In light of all of these factors, the Court concludes that $75 per hour would be an appropriate hourly fee for the period between February 2005 and February 23, 2007, during which Attorney Adkins served as a legal intern. *See Coated Fabrics Co.*, 2008 WL 163598 at *8 (approving $75 per hour fee for paralegal work); *Finkel*, 2008 WL 552852 at *6 (finding $75 per hour fee for paralegals to be "reasonable and appropriate"); *Cho*, 524 F. Supp. 2d at 208 (approving $75 per hour fee for legal assistant's work on wage and hour case).

The Court further concludes that, given Attorney Adkins' inexperience and the relatively straight-forward nature of the wage and hour claim, $150 per hour is a reasonable hourly fee for Attorney Adkins' work during his period as an associate. *See Coated Fabrics Co.*, 2008 WL 163598 at *7 (noting that "[h]ourly rates approved in recent Eastern District of New York cases have ranged from . . . $100 to $150 for junior associates"); *Cho*, 524 F. Supp. 2d at 206-07 (approving rate of $175 per hour for attorney with three years of experience who presented evidence that she was "awarded this same amount in another wage-and-hour case brought in the Southern District of New York); *Reiter v. Metro. Transp. Auth. of the State of New York*, No. 01 Civ. 2762, 2007 WL 2775144, at *8 (S.D.N.Y. Sept. 25, 2007) (approving rate of $150 for junior associate and noting that "in this Court's experience, practitioners with experience similar to [Plaintiff's counsel], particularly those in solo practices and smaller firms, charge these rates or even less in some instances").

### 3. Albert Adam Breud

Plaintiff also requests an hourly rate of $275 for Attorney Breud, and describes this as the "prevailing Associate rate . . . as is the case for similar service in these complex cases here in the

Eastern District of New York." Mishkin Decl. ¶ 21. Attorney Breud graduated law school and was admitted to the New York State Bar in 2005 and, during his employment at Scott Michael Mishkin P.C., has "managed and concentrated in the area of federal litigation and practice in approximately 100 civil rights and labor law litigation." *Id.* ¶¶ 22, 23. Defendants do not oppose the hourly fee requested by Plaintiff for Attorney Breud's work.

The Court finds that Attorney Breud's level of experience combined with the straight-forward nature of the case, as described above, do not warrant a rate of $275 per hour. As with Attorney Adkins, the Court approves a fee for Attorney Breud's services in the amount of $165 per hour.

### 4. Frank Dell'Amore and Kerri Fiore

Plaintiff requests an hourly rate of $185 for legal interns Dell'Amore and Fiore, which is ostensibly the "prevailing legal intern hourly [ ] rate, as is the case for similar service in these complex cases here in the Eastern District of New York." Mishkin Decl. ¶ 29. Mr. Dell'Amore and Ms. Fiore were law students attending Touro College Jacob D. Fuchsberg Law Center during the time they worked on this matter, and "both were supervised in the management of approximately 50 civil rights and labor law cases, respectfully." *Id.* ¶ 30. The legal interns drafted the First Amended Complaint, met with Plaintiff to collect facts, and drafted discovery requests and responses, and Plaintiff contends that "[d]ue to the complexity of matter [the legal interns'] hourly rate[ ] is reasonable within this locality." *Id.* ¶ 32. Plaintiff does not provide any other evidence as the prevailing market rate for legal intern work in situations such as this, nor does Plaintiff provide any evidence that Scott Michael Mishkin P.C. has ever charged, or collected, fees in this amount from any other client. Defendants do not address the

reasonableness of this requested hourly rate.

The Court finds that $185 per hour for work done by legal interns is inappropriately high and does not reflect "what a reasonable, paying client would be willing to pay" for such legal services rendered. *See Arbor Hill*, 493 F.3d 112. As support for this requested fee, Plaintiff cites *Moon v. Kwon*, No. 99 Civ. 11810, 2002 WL 31512816 (S.D.N.Y. Nov. 8, 2002), but in that case, the court found that an $80 hourly fee for work done by law school interns was a "reasonable rate." *Id.* at *3 (noting that "[s]tudents are generally billed at rates similar to those of paralegals"). For the reasons set forth above, the Court finds that an appropriate fee for work done by legal interns in this case is $75 per hour.

### 5. Sarah Freese

Finally, Plaintiff requests an hourly rate for the work of Sarah Freese, an administrative assistant who expended hours in connection with the "preparation and completion of all trial exhibits, which included hundreds of pages of exhibits in their respected [sic] trial books." Mishkin Decl. ¶ 33. While courts generally hold that "clerical and secretarial services are part of overhead and are not generally charged to clients," *Sulkowska*, 170 F. Supp. 2d at 368, I find the task completed by Ms. Freese to be more akin to work normally assigned to a paralegal. Accordingly, the Court finds that setting an hourly fee for Ms. Freese's work at $75 per hour is reasonable.

### B. Reasonableness of Number of Hours Expended

### 1. Legal Standard

To determine the whether the number of hours spent by Plaintiff's counsel were reasonable, the Court must "use [its] experience with the case, as well as [its] experience with the

practice of law, to assess the reasonableness of the hours spent . . . in a given case." *Fox Indus., Inc. v. Gurovich*, No. CV 03-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). A court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation . . . ." *Cho*, 524 F. Supp. 2d at 209 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "In lieu of making minute adjustments to individual timekeeping entries, a court may make across-the-board percentage cuts in the number of hours claimed, 'as a practical means of trimming fat from a fee application.'" *Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 WL 1373118, at *5 (S.D.N.Y. May 8, 2007) (quoting *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987)).

A party seeking an award of attorney's fees bears the burden to document "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." *Cho*, 524 F. Supp. 2d at 209 (internal citations, quotation marks, and alteration omitted).

### 2. Parties' Contentions

Plaintiff contends that "[i]n providing professional services to the Plaintiff, Scott Michael Mishkin, PC, performed services for both of Plaintiff's statutory claims [under Title VII and the New York Labor Law] in equal amounts." Pl. Mem. at 6. In particular, Plaintiff contends that her legal team's efforts to prove "plaintiff's status as an employee and not an independent contractor" were critical to both the Title VII and the New York Labor Law claim. Reply Mem. at 3. Accordingly, Plaintiff seeks "one half of the total billable hours, and corresponding hourly

13

rates," for a total of $44,506.75. *Id.* at 7. Plaintiff has added up the hours that each attorney and/or legal intern spent on her case as a whole, and has divided that number in half, as follows: (1) Attorney Mishkin: 5.5 hours (Mishkin Decl. ¶ 6); (2) Attorney Adkins: 25 hours at the legal intern rate and 89.5 hours at the associate rate (*Id.* ¶ 17); (3) Attorney Breud: 32.5 hours (*Id.* ¶ 26); (4) Legal Interns Dell'Amore and Fiore: 17.25 hours (*Id.* ¶ 31); and (5) Administrative Assistant Freese: 5.5 hours (*Id.* ¶ 34).

Defendants contend that Plaintiff has failed to comply with the Court's prior instruction "to undertake best efforts to sort out as much as reasonably possible and delineate to a greater extent . . . the time spent on the [New York Labor Law] § 198(1-a) claim and provide that information to the Court." Def. Mem. at 2 (quoting DE 68 at 12-13). Defendants argue that "Plaintiff has failed to itemize the time spent in representing the plaintiff in her [ ] New York Labor Law claim," and that Plaintiff's allotment of half of her attorneys' and legal interns' time to the wage claim "is neither explained nor demonstrated" in Plaintiff's papers. *Id.* at 3-4. Rather, Defendants claim, "[a]lmost all of the litigation, pre-trial discovery and litigation issues revolved around the [T]itle VII claim and not the wage claim." *Id.* at 4.

### 3. <u>Unsuccessful Claims</u>

Although Plaintiff was successful on only one of the three claims that were submitted to the jury, she may recover attorney's fees for "hours spent on [the] unsuccessful claims . . . if the claims are inextricably intertwined and involve a common core of facts." *Reiter*, 2007 WL 2775144 at *13 (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (internal quotation marks omitted)); *see also Chan*, 2007 WL 1373118 at *6 ("Where the plaintiff's claims for relief . . . involve a common core of facts or [are] based on related legal theories, it is

14

difficult to divide the hours expended on a claim-by-claim basis, and the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.") (quoting *Hensley*, 461 U.S. at 435 (internal quotation marks omitted)).

Here, Plaintiff was required to demonstrate and prove that she was an "employee," as opposed to an "independent contractor," in order to maintain her claims under Title VII, the NYHRL, and the New York Labor Law. *See Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 113 (2d Cir. 2000) (noting that Title VII and the NYHRL cover "employees" and not "individual contractors"); *Akgul v. Prime Time Transp., Inc.*, 741 N.Y.S.2d 553, 556 (2d Dep't 2002) (stating that the definition of "employee" under the New York Labor Law "excludes independent contractors"). Moreover, an individual must make the same showing to be considered an "employee" under all three statutes. Courts use the "common-law right-of-control test" to determine whether an individual is an "employee" under the New York Labor Law, *see Akgul*, 741 N.Y.S.2d at 556, and courts determine whether an individual is an "employee" under Title VII and the NYHRL by utilizing the thirteen-factor test laid out by the Supreme Court in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989), which includes "the hiring party's right to control the manner and means by which the product is accomplished," *see Eisenberg*, 237 F.3d at 113 (quoting *Reid*, 490 U.S. at 751-52).

Plaintiff's proof that she was an "employee" rather than an "independent contractor" was essential to her New York Labor Law claim as well as her claims under Title VII and the NYHRL. The Court recognizes the difficulty of parsing out exactly which attorney hours were spent in furtherance of the New York Labor Law claim, especially in light of the interconnection

between Plaintiff's other claims. Accordingly, the Court adopts Plaintiff's request for fees in connection with 50% of the total hours her legal team spent on this matter.

   4.   **Surplusage**

Defendants argue that Plaintiff's attorney's fees should be reduced because Plaintiff's counsel's "expending nineteen (19) hours on a Complaint is incredibly unreasonable," especially given that the law firm purports to "specialize[] in civil rights and labor law rights litigation." Def. Mem. at 4. As noted above, "[i]n lieu of making minute adjustments to individual timekeeping entries, a court may make across-the-board percentage cuts in the number of hours claimed, 'as a practical means of trimming fat from a fee application.'" *Chan*, 2007 WL 1373118 at *5.

There are a number of individual examples of entries that reflect excessive time spent on various tasks. The most glaring of these are time entries showing that multiple attorneys and legal interns spent approximately 19 hours drafting and reviewing the First Amended Complaint. Mishkin Decl. Ex. 2. The Court has reviewed the pleading and finds that this amount of time is excessive. Other examples include: (1) on December 27, 2005, 1.9 hours spent by Attorney Adkins drafting four deposition notices, (2) on December 29, 2005, 1.2 hours spent by Attorney Adkins drafting revising and mailing four deposition notices, (3) numerous times entries for leaving telephone messages, and (4) numerous time entries by attorneys and legal interns reflecting approximately 14.5 hours spent drafting interrogatories. Furthermore, many of the billing entries made by legal interns and attorneys reflect time spent on clerical tasks, such as photocopying, making telephone calls to schedule or cancel court reporters, mailing, and filing.

Accordingly, the Court exercises its discretion to reduce the number of hours billed by Attorneys Adkins and Breud and the legal interns by 20%.[8] *See Cho*, 524 F. Supp. 2d at 210 (reducing requested hours by 40% to reduce costs associated with excessive research, vague time entries, and duplicative work); *DeVito v. Hempstead China Shop, Inc.*, 831 F. Supp. 1037, 1045 (E.D.N.Y. 1993) (same); *Am. Lung Ass'n v. Reilly*, 144 F.R.D. 622, 627 (E.D.N.Y. 1992) (same).

### C. Calculation of Presumptively Reasonable Rate

Based upon the Court's adjusted reasonable hourly rates and adjusted reasonable number of hours, the presumptively reasonable attorney's fees in connection with Plaintiff's New York Labor Law claim are $19,765.00, and are calculated as follows:

| Attorney/Legal Intern | Hourly Rate | No. of Hours Requested | No. Of Hours Awarded | Award |
|---|---|---|---|---|
| Scott Mishkin | $325/hour | 5.5 hours | 5.5 hours | $ 1,787.50 |
| Justin Adkins | $75/hour (intern) | 25 hours | 20 hours | $ 1,500.00 |
|  | $150/hour (associate) | 89.5 hours | 71.6 hours | $10,740.00 |
| Albert Breud | $165/hour | 32.5 hours | 26 hours | $ 4,290.00 |
| F. Dell'Amore and K. Fiore | $75/hour | 17.25 hours (combined) | 13.8 hours | $ 1,035.00 |
| Sarah Freese | $75/hour | 5.5 hours | 5.5 hours | $ 412.50 |
| **Total** | | | | **$19,765.00** |

---

[8] The Court will not reduce the number of hours billed by Attorney Mishkin because the time records reflect that he attended four full days of trial for which he did not bill time, and the Court believes that the 5.5 hours sought are reasonable. The Court also finds the 5.5 hours sought for work done by Ms. Freese to be reasonable.

### D. Arguments for Reductions to Presumptively Reasonable Fees

Defendants contend that Plaintiff's rejection of a settlement offer made on the eve of trial "caused additional and increased legal fees to accrue as a result of the jury's rejection of defendant's Title VII claim and the necessity of trying the case, although reasonable offers were made to settle the matter well above the amount of the Labor Law claims value." *Id.* at 5. Attorney's fees, however, "should not be reduced as a consequence of the rejection of settlement offers absent a showing of bad faith." *Chan*, 2007 WL 1373118 at *7 (quoting *Ortiz v. Regan*, 980 F.2d 138, 141 (2d Cir. 1992) (internal quotation marks and alteration omitted)). Defendants cite no case law in support of the proposition that the fees here should be reduced based on the rejection of an offer to settle with respect to a claim that is ultimately unsuccessful. Nor have Defendants put forth any evidence that Plaintiff acted in bad faith. Accordingly, the amount of presumptively reasonable fees will not be reduced on this basis.

## IV. COSTS

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal status, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Local Civil Rule 54.1 provides that taxable costs include monies expended for trial transcripts, deposition transcripts "if the deposition was used or received in evidence at the trial," and witness fees and mileage for witnesses that testify at trial. Plaintiff seeks a total of $2,202.30 in costs.[9]

---

[9] Plaintiff seeks $2,152.30 for the costs of (1) transcript fees for the depositions of Ira Zimmerman, Tabitha Mazzara, and Antoinette Palazollo, (2) witness fee for Carmen Van Dunk, (3) docket fee for filing the *pro se* Complaint, and (4) one copy of 15 trial exhibits. Plaintiff also seeks an additional award of $50 pursuant to New York Labor Law § 198(1). Aff. in Supp. of Bill of Costs

The Court maintains sole discretion as to whether to allow taxation of costs. *LoSacco v. City of Middleton*, 71 F.3d 88, 92 (2d Cir. 1995). Plaintiff, as the prevailing party, bears the burden to justify the taxation of costs. *John & Kathryn G. v. Bd. of Educ. of Mount Vernon Pub. Sch.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995).

Defendants object to the taxation of a witness fee for Carmen Van Dunk "since she was called by plaintiff at trial to support the Title VII claim and had nothing to do with the claim for wages." Def. Mem. at 7. Plaintiff does not refute this point in her reply, and so the $45 witness fee for Carmen Van Dunk is excluded from Plaintiff's award of costs.

Finally, Defendants object to the bill of costs submitted by Plaintiff on the grounds that Plaintiff has failed to delineate "the work performed on the Labor Law claim and its relationship in time to the claim for the Taxation of Costs." Def. Mem. at 7. The Court finds in its discretion, however, that an award of the full amount of $2,157.30 in remaining costs is reasonable.

## V. CONCLUSION

Based on the foregoing, I respectfully recommend to Judge Seybert that Plaintiff's fee application be GRANTED to the extent set forth above, and that Plaintiff be awarded $19,765.00 in attorney's fees. I further recommend that Plaintiff's request to tax costs be GRANTED and that Plaintiff be awarded $2,157.30 in costs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 10 days of service and failure to file objections within this period waives the right to appeal. *See* 28 U.S.C. § 636(b)(1)(c) (2006); Fed. R. Civ. P. 6(a), 6(e), and 72; *Beverly v.*

*Walker*, 118 F.3d 900, 901 (2d Cir.), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Therefore, the parties are directed to file any written objections to this Report and Recommendation with Judge Seybert not later than 10 days from the date of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
March 9, 2008

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge